Good morning, you may proceed. May it please the court, my name is Mark Ratty. I represent the defendant appellant detective Edward Doyle. This court should reverse the district court's denial of immunity to detective Doyle and grant him absolute or qualified immunity because all of the plaintiff's claims against him are based on his alleged false testimony to a grand jury. Didn't he also call the Bronx DA's office and give them extra information over the phone? There are allegations that detective Doyle prior to his testimony investigated and there's no constitutional right to be free from investigation and part of that investigation was communicating with New York City police officers. So it's not based just on the grand jury, it's based on his conversations as well. The only actionable claims are based on his grand jury testimony. This stuff before the grand jury was merely his How about the governor's warrant? I'm sorry, what was that? How about the governor's warrant and how that was obtained? The government's warrant? I'm looking at paragraph 28 of the amended complaint. Communications regarding the government's warrant occurred after the indictment and arrest, which was based on the alleged false grand jury testimony. So everything that happened after the plaintiff was arrested flows from the grand jury testimony from which he has absolute immunity. Before we get too far down the road here on the merits, your notice of appeal appeals the a decision of the court from September, right? No, sorry. It August. I don't remember the date, but I'll take your word for it. Well, correct me if I'm wrong, but after that the court entered an order allowing and that was an appeal from a dismissal refusal to dismiss the second amended complaint. Correct. The court has subsequently allowed the filing of a third amended complaint. Yes. So that's the operative document in the court. You have not appealed from that. We appealed from the denials of the motion to dismiss the second amended complaint for reconsideration of that motion of that denial and for denial of the motion to dismiss the third amendment of the notice of appeal. Because I read your notice of appeal as appealing only, only one motion, denial of one motion. Based on March 14, 2016, is the denial. When the original notice of appeal was filed, we then made a motion for reconsideration and the court. No, I understand all of that, but your notice of appeal doesn't somehow magically incorporate it unless you've got something that tells me it does. Well, what happened is this court stayed all proceedings pending a decision from the district court on our subsequent motions that were filed after the notice of appeal. And then when the court lifted the stay. My problem is I'm talking about our jurisdiction. Sometimes the district court can do a number of things that doesn't give us jurisdiction to consider anything other than than your what you've appealed. And I'm not sure how we get to address the merits of all of those issues. Since that case has moved on, there's a new complaint that's in front of the court. It includes your client, as I understand it, and that that's going forward. You may have another bite at the apple on on qualified immunity or absolute immunity if and when you get that issue up and re decided by the district court. Well, it was orders of this court that stayed the initial notice of appeal and that lifted that stay after the decisions on the motions to dismiss the third amended complaint and for reconsideration were denied. So I believe that that those decision would be incorporated into the original. You're saying that you did you were not required to separately file another notice of appeal once that motion reconsidered. I didn't believe we were required to file a separate notice of appeal. I believe that the first notice of appeal would incorporate everything because orders from this court. But everything that yet to come? No, no. But just because the this court was aware that we had filed subsequent motions and stayed the original notice of pending decision on those motions. I mean, the problem is it's not clear what's in front of us. Is it this third amended complaint? Is it the second amended complaint? You're asking us, I take it, to review the third amended complaint. Well, I'm asking this court to reverse the district court's decisions denying absolute immunity and qualified immunity, which were arguments that were made to dismiss the second amended. The district court in the motion for reconsideration and denying that didn't even mention absolute immunity or qualified immunity. I agree. Yes. The court, the district court never addressed these issues at all in any of the decisions that it rendered. So I'm asking this court to address those issues for the first time, even though those issues were brought before the district court in motions to dismiss the second amended complaint, third amended complaint and on reconsideration. But you didn't appeal the denial of the motion to dismiss the third amended complaint. I believe that my original appeal encompassed that, because the orders of this court We disagreed with you about that. Seems like it. Then, well, just, you know, just asking a question. If we disagreed with you about that, then what would happen? Where are we? We're stuck with the second amended complaint and the decision as to that. Correct. Well, this court can still address the issues of immunity because they would apply to both the second and third amended complaint as the allegations are pretty much identical, except the third amended complaint as those allegations about an investigation in September of 2011, just prior to the indictments. And those actions are preparatory activity, which Ray Berg says are they cannot state those actions cannot be used. Detective Doyle will have immunity from those actions because they're preparatory and they're also investigative actions and there's no constitutional right to be free from an investigation. All of the claims against him are based on his grand jury testimony. And when you take out his testimony, the only allegations are that I was arrested based on a warrants that was supported by an indictment and issued by a court with my name on it. No, no, no, no, no. So let me just go back to the third amended complaint. It says that there was a warrant that was obtained using false representations. That was, I guess, the misrepresentations and the false information was knowingly created by Detective Doyle and were directly conferred to the NYPD by Detective Doyle during in-person conversations in the state of New York. Those false representations, first, it doesn't allege when those were made. If those were made prior to the indictment, then they would be preparatory activity or investigative activity. Well, the indictment, if you read it carefully, suggests that he didn't go up to the state of New York and have conversations until after the indictment. Well, then those actions would flow from his grand jury testimony because they're separate representations. I mean, look, we've got to fairly read these allegations in a way that is favorable, I think, to the plaintiff here. And it's the way to read this is that the conversations occurred and they were separate misrepresentations that were used to procure the governor's warrant. If I'm right about that, then what's your response? Then I would argue that there would be qualified immunity because this complaint doesn't plausibly allege any violation of its constitutional rights. These allegations are completely conclusory. The record shows that the plaintiff was arrested based on a warrant issued by a court which was supported by grand jury indictments. That's probable cause. There are no facts in this complaint that undermine probable cause or the presumption of probable cause. And that would apply to the malicious prosecution claim, the false arrest claim, the unlawful search and seizure claim, the First Amendment claim. It applies to all of the claims. So even if there's no absolute immunity, Detective Doyle is entitled to qualify. The allegation that Doyle and the Doe defendants provided false information to the Bronx County District Attorney's Office subsequent to his arrest and in addition to the indictment that convinced the District Attorney's Office to prosecute Adamu, isn't that true? No, I believe the investigation led to grand jury proceedings at which he was indicted. After he was indicted is when he was arrested and charged and prosecuted and they sought extradition. He was never even extradited. So these claims about these false statements to get a governor's warrant to extradite him, it's really not relevant because he was never extradited in the end. So would you articulate for me your best argument that as a matter of law your client is entitled to qualified immunity? Because the complaint fails to allege, plausibly allege, any violation of constitutional rights because all of the records, every document in the record shows that there was probable cause, there is a court-issued warrant based on, based on indictments. The warrant identifies Idrissa Adamu. When he was arrested, he identified himself as Idrissa Adamu, so there's no claim of mistaken identity. With regards to the militia's process. To the warrant, what, is this the governor's warrant or is this? No, this is the initial arrest warrant. Initial arrest warrant, okay. The governor's warrant came after, after Mr. Adamu was already detained and had been arrested based on an indictment supported warrant. Your time has expired. You've retained three minutes for rebuttal. Thank you. We'll hear from opposing counsel. Good morning, your honors. May it please the court. At this point, I would just like to say that plaintiff's brief on submission, I believe, addressed all the issues that were just previously spoke about and I'd be happy to take any questions that your honors may have with regards to the plaintiff's opposition. Why don't you assume we have no questions at the start and explain why Mr. Doyle isn't entitled to at least qualified immunity, if not absolute immunity? Sure. Well, specifically, the, Detective Doyle has relied upon the absolute immunity law, which is provided in Rieberg, but specifically, that is just with regards to grand jury testing. Right. Well, let's assume that we know that in addition to the grand jury testimony, Detective Doyle, also called the Bronx District Attorney's Office, that's in addition to his testimony, and that would probably not allow him absolute immunity, but why not the less inclusive qualified immunity? Well, with respect to qualified immunity, under that principle, specifically, the plaintiff provided in his third amended complaint and second amended complaint that Detective Doyle had provided misinformation, perjured himself, and falsified evidence, not only in the investigation, but in the grand jury, which can overcome a presumption of probable cause for an indictment, and during the extradition and prosecution in Bronx D.A.'s office. Specifically, he spoke to- So, if you set aside absolute immunity, right, then there's an indictment, and what you're saying is that even though he had an indictment, he couldn't lie, and I guess you're telling us clearly established law that he couldn't make any representations in connection with Exactly. Specifically- Well, I'm not making a statement. I'm asking you a question. So, is that, how is that, how is he not entitled to qualified immunity? Well, Your Honor, specifically- Based on probable cause. Based on probable cause, what we have is based on probable cause, you're saying that there's, because it's an indictment-based arrest, that there is, that probable cause is established, or at least presumed, so there is qualified immunity. But under the investigation and indictment, there was perjured testimony, falsified evidence- You're not supposed to look behind the warrant, the warrant that came from Spotsylvania, because on its face, it gives probable cause. But Detective Doyle is not only himself the arresting officer, extraditing officer, investigating officer, he is the lone witness who testified in the grand jury, thereby presenting a rebuttable presumption that the probable cause that was established from an out-of-state indictment could, in fact, be overturned and there not be probable cause, because not only is he the only person who testified in the grand jury, he is the investigating officer, he is the sole person who was involved in the arrest, prosecution, extradition of the plaintiff, Idrissa Adamo. All right, but so what? So he's got probable cause. Again, if you set aside the absolute immunity issue or argument, then he's got probable cause. He's armed with an indictment signed by a grand jury in wherever, Virginia, and why isn't that more or less as a matter of qualified immunity at the end of the story? And then I want you to also answer the following question, which is, is there not a difference between the initial warrant and the governor's warrant? Yes. Okay. I'll address- First and second. First. Okay. So specifically, the indictment was not supported by probable cause because there is an indication that the police recorders and the officers that are jury could reasonably find that the indictment was secured through bad faith. Are we allowed to look beyond the- Well, specifically in Manganiello and Boyd v. City of New York, it appears that it specifically states that if there's an indication in the police records that the officers lied in the indictment, that the jury could reasonably find that the indictment was in bad faith. When were those decisions? On the Second Circuit, 2012, 2010, I'm sorry, 6-12, Federal 3rd, 149. That before or after Rehberg? That was- Before. So is there anything after Rehberg? So specifically, I do not have anything in front of me right now, but with regards to the second governor's warrant. So what we have is we have an initial arrest and an indictment and arrest. So then what we have is we have a prosecution that occurs now in the Bronx regarding the extradition of my client Adrissa Adamu in the Bronx that goes on for five months. Now, this is specifically based off a constitutional fugitive warrant. So what they're doing is they're trying to obtain and secure a governor's warrant from New York based off of a governor's request down in Virginia. Now, what they specifically do is they perjure and lie, saying that my client was in Virginia at the time that- But he was already arrested. But he was already arrested. What are you complaining about? Are you complaining about the initial arrest, or are you complaining about the fact that he – that there was an extradition process? The fact that there was an extradition process and there was an abusive process in Melissa's prosecution in the Bronx with regards to an extradition that could not have ever taken place. Under Keller v. Butler, the Court of Appeals decision in New York State specifically states that if you have no recourse to actually extradite an individual, that that person – that there has to be some cause of action for holding that person in an attempt to extradite when you don't have recourse. And specifically, if you do not have the recourse to extradite that person, holding them for five months- I have an allegation where you say – where the complaint says that there was a misrepresentation prior to the initial arrest. So between the indictment and the initial arrest, is there an allegation of any misrepresentation? There's misrepresentation – you mean after the indictment, but before the arrest? Yes. Well, it's – with regards to the indictment here, date X, you've got the initial arrest, date Y. Yes. Is there an allegation of a misrepresentation by Detective Doyle during that period? Specifically with regards to the misrepresentation that he made to NYPD in order to secure an arrest in New York with their – with the help of, I believe, there was a Bronx precinct. Where is that? So look at your complaint. And I think we're talking – I don't know anymore, but I think we're talking about the Third Amendment complaint. And I don't see it. I don't see that. I see paragraph 28, where you talk about the governor's warrant. But I don't see a reference to a false representation. I don't have it in front of me, but I believe it's four – oh, wait. I believe it's four paragraphs back. Two paragraphs before the paragraph regarding the misrepresentations in the grand jury indictment. And then I also believe it is in the first paragraph – Do you have the – do you have the – I don't have it in front of me. I do not have it in front of me. You don't have the appendix in front of you. All right. Shame. Mr. Clowden, provide this to him. Oh, thank you. I'm going to want that back, Mr. Giambo. So look at 183. I think that that's what you're referring to? Now are we going off Second Amendment complaint or Third Amendment complaint? I'm going off the Third Amendment complaint, because that's what you've pointed us to. Okay. Specifically – well, first we have paragraph 16. It's about four lines from the bottom. It says, prior to the arrest and the attempted extradition of the plaintiff, Idrissa Adamu, that the defendants, including Detective Edward Doyle, contacted NYPD by phone, mail, and email to arrange specific time, location, and a plan and order. Defendant also traveled to the state to identify, arrest, and escort the County of Spotsylvania. And then it specifically says, down in paragraph 19, indictment was tamed using false representations, misstacements, and placing the police guard in the absence of probable cause. Okay. So I don't think that there is an allegation of a misrepresentation between the time of the indictment, which – I just want – Go ahead. One more. Okay. Paragraph 22, it specifically says, upon information and belief regarding the ill-obtained indictment was provided to the John and Jane Stiles. And New York defendants knowingly used the misrepresentations as pretext to arrest the plaintiff. The New York defendants did not have probable cause to arrest the plaintiff on – Talking about the New York defendants. Talking about the New York defendants. So I'm asking about allegations as to Detective Doyle. That's why we're here. Okay. False statements were directly conferred to the NYPD and Bronx County District Attorney's Office by the defendant, Detective Doyle, during in-person conversations in the state of New York, which those occurred prior to the arrest on October 20, 2011. Phone calls initiated by the Virginia defendants and emails. And those are the same emails that were discussed in paragraph 22. I hear about the governor's warrant, paragraph 28. Excuse me? That is the governor's warrant, paragraph 28. Thank you. Thank you. You have any view on the jurisdictional issue? Whether we even have jurisdiction to hear this appeal? Well, I do not believe we have jurisdiction, specifically with regards to the notice of appeal. The notice of appeal was filed before a third amended complaint was even ever served on defendants. And no notice of appeal afterwards was ever supplemented or provided with regards to the specific issues of whether or not the third amended complaint ever, ever, whether there was absolute immunity or qualified immunity with regards to that. And specifically — So your view is if this goes back to the district court, because we dismissed the appeal for lack of jurisdiction, hypothetically — Yes. — the issue of whether there — whether Detective Doyle has qualified immunity and absolute immunity is still alive and well and able to be decided by the district court. 100 percent. And specifically with regards to that, it would be — it would almost make sense for such — for such thing to take place, because since the complaint has been filed over a year ago, there has been discovery, which has continued with regards to the city and with regards to subpoena power that I've had since filing the complaint, of which many — we have received a multitude of documents which seem to allege much more evidence against Detective Doyle, which could be pled and argued in district court. Thank you. Thank you. Counsel, you reserve three minutes for rebuttal. Thank you. My first question, Mr. Redd, as you get ready to address us, is are there any facts in dispute that bear on whether Detective Doyle, at this point in time, that may ultimately be resolved or may be resolved on current discovery, which we don't know anything about, are there any facts in dispute with respect to whether he is entitled to qualified immunity? Not at this time, Your Honor. I'm assuming the facts of the complaint — Just as alleged in the complaint, he is entitled to qualified immunity. Correct. The complaints, no matter which version you look at, are all completely conclusory. There are no allegations of any perjury or false representations or providing false information to a prosecutor other than the allegation of false testimony at the grand jury, which is entitled to absolute immunity. Everything else is completely conclusory. The allegations of false misrepresentations prior to the indictment are completely false. There's no allegations that any of that information was relayed to the prosecutor and that Detective Doyle encouraged the prosecutor to seek the indictment in the first place. The timeline of events here is important because the — first, there was the grand jury — Don't we take them as true at this stage of the proceedings, that there was a corrupt discussion between Doyle and the Bronx DA? That would be after the indictment, but there were no allegations of anything prior to the indictment that Detective Doyle forwarded any false information to the prosecutor in Virginia who decided to proceed with the indictment in the first place. That's why the timeline of events here is very important, because the first thing that happened was the grand jury proceeding. An indictment was issued by the grand jury — two indictments — for a conspiracy to smuggle cigarettes. Based on that indictment, the court in Virginia issued a warrant for the arrest of Idrissa Adamu, slash, Omar Haji. That warrant was used to arrest the plaintiff, and he identified himself as Idrissa Adamu at the arrest. That's alleged in the complaint. And so everything flows from the original grand jury proceeding. There are no allegations in between when the plaintiff was arrested and between the indictment and the arrest of any false information provided by Detective Doyle. Isn't that exactly when Doyle called the Bronx DA's office? Yes, and he said, I have a court-issued warrant, which was completely true, and it was supported by probable cause based on the indictments. The subsequent governor's warrant occurred after the plaintiff had already been arrested and indicted, so there was probable cause to seek that governor's warrant. The allegation is, is that during this, when he said, I have this grand jury indictment, he told the Bronx DA additional information about Mr. Adamu. I believe the additional information alleged is that there was a misidentification of the name, which, based on the complaint... I don't know what it is, but he told him other things. Well, that's completely conclusory. There are no factual allegations saying what the false information was. The plaintiff keeps referring back to the false information as the grand jury testimony. Everything else about giving false information is completely... The motion to dismiss, correct? Correct, Your Honor. Can we take as true what the plaintiff says on his motion papers? Only the facts, Your Honor. Not conclusory allegations. Thank you. Thank you. One housekeeping detail. Your last name is spelled R-A-D-I? Correct. Great. Thank you, Mr. Wright. Thank you. Thank you both. We'll reserve decision.